836 F.2d 1343
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Eugene JOHNSON, Defendant-Appellant.
 No. 87-5591.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1987.
Decided Jan. 8, 1988.
 
 Rodney Shelton Toth for appellant.
 David Alan Graham, Assistant United States Attorney (Thomas J. Ashcraft, United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and DONALD RUSSELL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant, a former roving teller employed by the Northwestern Bank in Charlotte, North Carolina, was indicted for embezzlement. He unsuccessfully moved to dismiss the indictment on the ground that bank officials who interrogated him and extracted his confession upon the representation that if he confessed, he would not be prosecuted, did so as agents of the United States so that his prosecution was barred under the doctrine of prosecutorial vindictiveness, see Santobello v. New York, 404 U.S. 257 (1971); United States v. Carter, 454 F.2d 426 (4 Cir.1972). He then pled guilty conditioned upon appellate review of the denial of his motion to dismiss.
 
 
 2
 Defendant appeals and we affirm.
 
 
 3
 The district court denied the motion because it was untimely and because defendant made no showing that the bank officials who questioned him and allegedly promised him that he would not be prosecuted if he told the truth acted as agents of the United States so as to make applicable the Santobello holding. We agree as to the latter and therefore do not consider the timeliness of the motion.
 
 
 4
 At the time that defendant was questioned, the embezzlement was not known to any law enforcement or prosecution officials of the United States. No official of the United States authorized or directed the interrogation. Cf. United States v. Davis, 482 F.2d 893, 904 (9 Cir.1973) ("[T]he government's participation in ... the airport search program has been of such significance as to bring any search pursuant to that program [even if conducted by a private airline employee] within the reach of the Fourt h Amendment."). While the rules of the Federal Deposit Insurance Corporation which insured the bank required it and its employees to assist in the identification and apprehension of persons who commit crimes against the bank, interrogation of a suspected embezzler was not required. The manner in which the bank officers proceeded was a creature of their own discretion. Certainly they had no authority to grant immunity and thus to bind the United States. Carter, 454 at 427. In short we see no basis on which to say that they acted as agents of the United States.
 
 
 5
 AFFIRMED.